Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> SKINSATION LA, INC., a California corporation; and DOES 1-10, <br><br><br> Defendants. | Case No.: <br><br> **Plaintiff's Complaint for Copyright Infringement** <br><br><br> **Jury Trial Demanded** |

Plaintiff August Image, LLC ("August" or "Plaintiff"), through counsel, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.     This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.      Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.      August is a New York limited liability company with its principal place of business located at 793 Broadway, New York, NY 10003. August, a full-service rights managed collection, represents an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing. As the exclusive publisher, administrator, and syndicator of the photographs at issue in this case and the copyrights therein, August is entitled to institute and maintain this action under 17 U.S.C. § 501(b).

5.      Defendant SKINSATION LA, INC. ("Skinsation LA") is a California corporation with its principal place of business located at 6310 San Vicente Blvd., Ste. 325, Los Angeles, CA 90048, and is the owner, operator, and/or controller of the Twitter page at https://twitter.com/skin_lip/, the Facebook page at https://www.facebook.com/SkinsationLA/, and their related/affiliated subdomains, mobile websites, social media pages, and applications (collectively, "Skinsation LA's Socials").

6.      Upon information and belief, Defendants DOES 1 through 10 (collectively with Skinsation LA, "Defendants"), are other parties not yet identified who have infringed August's copyrights, have contributed to the infringement of August's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to August, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

///

7.      Upon information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S SUBJECT PHOTOGRAPH

8.      August is the exclusive administrator, syndicator, and licensing agent for an original photo registered with the U.S. Copyright Office and the copyrights therein ("Subject Photograph") and represents the photographer who took the Subject Photograph. Accordingly, August has standing to maintain this action under 17 U.S.C. § 501(b).

9.      Following the publication and display of the Subject Photograph, Defendants, and each of them, copied, stored, displayed, published, reproduced, distributed, created derivative works of, and/or otherwise exploited the Subject Photograph on Skinsation LA's Socials without a license, authorization, or consent from August ("Accused Posts").

10.      To the extent Skinsation LA exploited the Accused Posts (and/or any/all other copies of the Subject Photograph) more than three years before the date of this pleading, August did not know, and had no reason to know, of such exploitation(s).

11.      The Subject Photograph and screen captures of the Accused Posts are set forth in **Exhibit A**.

///

///

///

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

12.     August repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

13.     August alleges on information and belief that Defendants, and each of them, accessed the Subject Photograph by, without limitation, viewing the Subject Photograph on August's and/or the relevant photographer's website(s), profiles, exhibitions, and/or social media accounts; through magazines or other publications, and/or through third-party websites or Internet search engines. Access is further evidenced by the Subject Photograph's exact reproduction in the Accused Posts.

14.     August alleges on information and belief that Defendants, and each of them, copied, stored, displayed, published, reproduced, distributed, created derivative works of, and/or otherwise exploited the Subject Photograph on Skinsation LA's Socials without a license, authorization, or consent from August, at least on the website depicted in **Exhibit A** hereto.

15.     August alleges on information and belief that Defendants, and each of them, infringed August's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public for commercial benefit.

16.     Due to Defendants', and each of their, acts of infringement, August has suffered general and special damages in an amount to be established at trial.

17.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of August's rights in the Subject Photograph. As such, August is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of August's rights in the Subject Photograph in an amount to be established at trial.

///

18.     August alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

### **PRAYER FOR RELIEF**

Wherefore, August prays for judgment as follows:

### **Against all Defendants, and Each, with Respect to Each Claim for Relief:**

a.   That Defendants—each of them—and their respective agents and servants be enjoined from copying, storing, displaying, publishing, reproducing, creating derivative works of, distributing, and/or otherwise exploiting the Subject Photograph without a license, authorization, or consent from Plaintiff in a manner that infringes the copyrights in the Subject Photograph;

b.   That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101, 504, et seq.;

c.   That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101, 505, et seq.;

d.   That Plaintiff be awarded pre-judgment interest as allowed by law;

e.   That Plaintiff be awarded the costs of this action; and

f.   That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: April 27, 2023      By:      /s/ *Stephen M. Doniger*
                                     Stephen M. Doniger, Esq.
                                     Benjamin F. Tookey, Esq.
                                     DONIGER/BURROUGHS
                                     Attorneys for Plaintiff